SAMUEL, Judge.
This is a suit for $2,000 deposited by plaintiff with defendant under a contract to purchase and an additional $2,000 as an alleged penalty, a total of $4,000. Plaintiff is the purchaser in the contract and defendant (or defendants), Weber Homes, Inc., now known as Flare Realty, Inc., is the seller. As there was no issue as to material facts, the litigants filed a joint motion for summary judgment based on the pleadings and various documents they had filed.
In due course the trial court rendered judgment in favor of plaintiff in the amount of $2,000. Defendant has appealed. Plaintiff has answered the appeal seeking an increase in the award to $4,000. However, the answer to the appeal has been abandoned; in this court plaintiff has not urged his prayer for an increase and in his brief, filed subsequent to the answer to the appeal, he submits the judgment is correct and prays only that the same be affirmed.
On January 10, 1965 plaintiff and defendant entered into the written contract, on a printed form furnished by defendant, by which plaintiff agreed to purchase and defendant agreed to sell Lot 1-A, Square 81, Bonnabel Place Subdivision, Jefferson Parish, La., and a house to be constructed thereon by defendant in accordance with certain plans and specifications, for the sum of $20,800. The contract was conditioned upon obtaining a homestead loan of $15,800; the act of sale was to be passed on or before 180 days; and upon acceptance the purchaser agreed to deposit $2,000. In pertinent part it further provided: “Should loan required be unobtainable by purchaser, seller or agent before date for Passing Act of Sale, this agreement shall then become null and void and agent is authorized to *813 return purchaser’s deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.” and “Either party hereto who fails to comply with the terms of this offer if accepted, or who fails to cooperate with Weber Homes, Inc. [defendant] in securing the mortgage loan, agrees to forfeit the deposit. * * * ”
In compliance with the terms of the contract plaintiff made timely application to Third District Homestead Association in New Orleans for the $15,800 loan. Apparently because it was not justified in doing otherwise by the C.A.B. appraisal, Third District declined to make the loan in any amount higher than $15,200. Plaintiff then notified defendant the loan could not be obtained and requested return of his deposit. Defendant refused the request. Defendant then made application on plaintiff’s behalf to another New Orleans homestead, Continental Building and Loan Association, and obtained from that homestead a loan commitment which is the basis of this controversy.
Continental submitted to defendant a letter of intent which defendant forwarded to plaintiff requesting the latter to take appropriate steps to obtain the loan within the time limit given by Continental. Plaintiff took no action thereon. Later Continental forwarded its loan commitment directly to plaintiff. The commitment stated Continental would make the $15,800 loan subject to approval of plaintiff’s credit, title .to real estate and construction according to the plans. It also contained the following typewritten statement: “This loan is predicated on the building of your house according to plans & specifications submitted under C.A.B. Appraisal #306132 and reappraisal by C.A.B. upon completion of same.” Plaintiff did not accept the commitment and it expired. This suit was filed on April 11, 1966.
Chiefly relying on the typewritten portion of the Continental commitment which provided the loan was predicated on reappraisal by C.A.B. upon completion of construction, the trial court judgment is based on a finding that the commitment did not fulfill the requirements of the contract to purchase. Defendant contends such a finding is erroneous. He argues: after construction in accordance with the plans and specifications the reappraisal would be identical to the appraisal upon which Continental based its commitment; plaintiff’s refusal to accept the commitment constituted wilful failure to cooperate with defendant in securing the loan in violation of the contract’s penal clause relative to failure to cooperate in securing the mortgage loan; and under that penal cause the deposit is forfeited. We do not agree with defendant’s contention and argument.
By its own terms the contract in suit became null and void in the event the homestead loan of $15,800 was unobtainable. The only substitute for such a loan, again according to the contract’s terms, was a “Commitment by lender to make loan subject to approval of title * * If the loan was not obtainable or if a commitment to make the loan subject only to approval of title was not actually obtained, the contract became null and void. Solely because of the requirement of reappraisal by C.A.B. after completion of construction, and without consideration of the fact that the loan additionally was subject to later approval of plaintiff’s credit and construction according to plan, Continental’s commitment was conditioned on much more than mere approval of title. The commitment does not bind Continental to make the loan regardless of what may be the amount of the reappraisal; just the opposite is true. Under the typewritten condition Continental clearly reserved the right to refuse to make the loan if the reappraisal was insufficient to justify the same. Nor is there any showing in the record that the reappraisal, as defendant argues, would be identical to the appraisal upon which Continental based its commitment. The fact that Third District refused to make a loan in excess of $15,200 based on a C.A.B. appraisal *814 would indicate otherwise. Accordingly, we are of the opinion that' the loan required by the contract was unobtainable and plaintiff’s refusal to accept the conditional commitment was proper.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.